## CLARDY *v.* SOUTHERN RAILWAY COMPANY.

A railway company is not liable to a pedestrian who, even as a licensee, uses its right of way as a foot-path, for injuries occasioned by a blow from a stone which formed a portion of the ballast of the company's track and which was casually dislodged from its place therein and hurled against him by a passing train.

Argued October 2,—Decided October 27, 1900.

Action for damages.  Before Judge Fite.  Gordon superior court.  February term, 1900.

*F. A. Cantrell, W. R. Rankin,* and *J. M. Neel,* for plaintiff.
*Shumate & Maddox,* for defendant.

LUMPKIN, P. J.   The plaintiff in error excepted to the granting of a nonsuit.   The evidence discloses that, while walking along the right of way of the railway company, he was injured by a piece of

stone which was hurled against him by a passing train. This stone constituted a part of the ballast of the track, and was dislodged from its place therein and thrown against the plaintiff by the movement of the train. It further appeared that the place at which the injury was sustained was generally used by pedestrians as a footway. The plaintiff's theory was that, being a licensee, the railway company owed him the duty of so placing the material used in ballasting its track that it would not be thrown against him in the manner stated. It is not entirely clear to our minds that the plaintiff, on the occasion when he was hurt, was in any better position than that of a mere trespasser. But granting that he should be regarded as a licensee, and that accordingly he was using the right of way under some sort of an implied invitation to do so, we are still confident that the judgment of nonsuit was right. Certainly, it can not be claimed that under the facts appearing it was incumbent on the railway company, relatively to the plaintiff's protection from injury, to exercise more than ordinary diligence. The dislodgment of the stone was a mere casualty. Other trains had passed over the spot where it lay without dislodging it from its place, and even under the theory that the company was under any duty at all of protecting pedestrians from being injured as the plaintiff was, it would at least have to appear that the company was wanting in ordinary care and prudence as to the manner in which its track was ballasted and kept in order. It would be going a great length to hold that such a theory was good law in any case; for railway companies can hardly be expected to construct or maintain their road-beds with a view to protecting people who choose, even permissively, to walk along rights of way, from such a catastrophe as that which happened in the present instance. One who uses a railroad right of way as a pathway is surely chargeable with knowledge of the uses which the company ordinarily makes of property of this kind, and necessarily takes the risk of casualties occasioned by such use. If the defendant company ought to have foreseen the particular casualty of which the plaintiff complains, he, too, ought to have foreseen it and selected some other and safer place to walk. No one would contend that a farmer who permitted a neighbor to use a private road across the premises of the former and who, by driving over a stick in the roadway unintentionally caused the stick to fly against and hurt his neighbor, who happened to be

walking along the road at the time, would be liable in damages to the latter. The present case is, in principle, of just such a nature. One desiring indemnity for such a hurt as that which the plaintiff received should carry a policy in an accident-insurance company.

*Judgment affirmed. All the Justices concurring.*