## SOUTHERN RAILWAY COMPANY *v.* JOHNSON.

1. Under the statutes of this State, a railroad company is liable for injuries to the person of an employee by the negligence or misconduct of other employees of the company, without negligence on his part, whether such injuries are connected with the running of trains or not. Under this rule of law the declaration in the present case set forth a cause of action, which was supported by evidence; and therefore the trial judge did not err in refusing, upon motion of the defendant, to dismiss the plaintiff's petition as failing to set forth a cause of action; nor in refusing to grant a nonsuit.
2. The trial judge did not err in refusing to grant a new trial.

Argued November 11,—Decided December 11, 1901.

Action for damages. Before Judge Janes. Haralson superior court. July 16, 1901.

The petition alleged, in substance: Plaintiff was engaged with a number of other persons in working for the defendant as a track-hand on its railroad; and in order that some of the ties on which the rails of the track were laid, and which had become decayed,

could be removed and new ties substituted, it became necessary and was their duty to dig up dirt, stone, and slag, which had been placed between the ties for the purpose of keeping the ties in position. The rails extended about four inches above the surface of the ties and the road-bed; and in order to perform this work properly and safely it was necessary that none of the stone or slag should be left projecting above the rails; and it was the duty of the track-hands, in digging up the stone or slag, to keep it leveled below the top of the rails and below the pilot and other parts of the engines passing over the track, so as to prevent the engines and the pilot from coming in contact with and knocking the stone and slag off the track. A train of the defendant, running at a high rate of speed, came along over the track, and just before it got to the place where the work was being done, plaintiff and the other track-hands left the track, and he stood off at the usual, safe, and proper distance from the track until the train had passed him. Before the train came along, some of the other of the defendant's servants engaged in digging up the stone and slag had carelessly and negligently made and left on the track and between the rails a pile of it so high that the pilot or other parts of the engine struck it, and hurled a large, heavy piece of slag with great force towards and against plaintiff's left leg, injuring him in a manner described, and causing him damage in a sum stated. Plaintiff in performing his work did it carefully, safely, and properly, and in receiving the injuries complained of was wholly without fault.

At the trial the defendant moved to dismiss the petition, because it did not set forth a cause of action; and the motion was overruled. According to the plaintiff's testimony, he was standing at a distance of twelve feet from defendant's railroad-track when a train, moving at the rate of forty miles an hour, passed on the track; and just as the engine was passing he felt a piece of slag strike his left leg, below the knee. The slag was about four inches in size, and came from the engine, off the track. About fifteen minutes after he was struck he got a stick and hopped to the track, and saw where it looked as if the pilot of the engine had plowed into the slag. He and other men in the employment of the defendant as track-hands had been working on the track, picking and cleaning out between the ties, preparatory to putting in new ties; and some of the other hands were working at that place just before the train passed.

The train was going eastward. Just before it came he was at work on the track ahead of all the rest of the hands and east of them. He had been working back of them — west of them, and then went ahead of them, and had not dug any slag at that place, but was just fixing to work, when the train ran up there. The place where the slag looked as if it had been plowed up was ten or fifteen feet west of that point. When he moved up he left the track smooth and clean, where he had been working, and did not leave any slag on it. He walked by where the other hands were digging, and by the time he walked by the train ran up. It was coming around a curve near that point when he first heard it. He had gone as far as he could from the track before the train passed. Some of the slag flew all round him. The piece that struck his leg made a hole in the bone. The wound was very painful, and he was laid up for several months as a result of the injury. A physician testified that he will perhaps have a sore leg as long as he lives.

At the conclusion of the testimony for the plaintiff, the defendant moved for a nonsuit; and the motion was overruled. The defendant introduced evidence contradictory, in various respects, of that introduced by the plaintiff, and tending to show that it had not been negligent in the manner alleged. There was a verdict for $200 against the defendant. It moved for a new trial, on the grounds that the verdict was contrary to law and the evidence. To the overruling of this motion, and to each of the previous rulings, exception was taken.

*H. M. Dorsey, Head & Head, F. E. Callaway,* and *J. H. Leavitt,* for plaintiff in error. *U. G. Brock* and *J. M. McBride,* contra.

LITTLE, J. We are of the opinion that the petition set out a good cause of action, and that it was sufficiently supported by the evidence; and the conclusion follows that the trial judge committed no error in refusing to dismiss the petition, and in overruling the motion to nonsuit. Our Civil Code, § 2323, in declaring the law of the liability of railroad companies for injuries to persons or property, provides that if the person injured is himself an employee of the company, and the damage was caused by another employee, and without fault on the part of the person injured, his employment shall be no bar to recovery. In the case of *Georgia Railroad Co.* v. *Miller,* 90 *Ga.* 571, and in numerous other cases not

necessary to cite, this court ruled expressly that a railroad company is liable for injuries to the person of an employee occasioned by the negligence or misconduct of other employees of the company. It is contended that the injury to the defendant in error, occasioned as it was, creates no liability on the part of the railroad company; that the defendant in error, by his employment, assumed the risk of such injuries. We think not. The petition alleged and the proof showed that the defendant in error, at the time the injuries were sustained, was not at fault. The defective work which was the cause of the injury was not his, but was done by others, at practically another place. The risks which an employee of a railroad company necessarily assumes as incident to his occupation are not those which are occasioned by the incompetence or negligence of other employees. On the contrary, as is seen above, the company is liable to an employee who without fault is injured by the careless or negligent act of another employee. Nor can it be said, under the evidence, that the injury was occasioned by a mere accident; for if the slag had been properly laid on the road-bed by the other employees engaged in that business, it would not have been thrown from the track, nor the defendant in error injured. The evidence, in our opinion, fails to disclose that the person injured did not exercise ordinary care in protecting himself from injury. He certainly went to a point which would have been safe, in getting out of the way of the approaching train, had it not been that the slag had been left too high on the road-bed. He had no cause to expect that the slag had been improperly placed, and was not, therefore, under obligation to seek a place of safety against that contingency.

It was urged by the plaintiff in error that the case of *Clardy* v. *Southern Ry. Co.*, 112 *Ga.* 37, in principle, controls this case. We think not. In the *Clardy* case the plaintiff was a pedestrian who at most had a license to use the right of way of the railroad company as a foot-path. While thus using the right of way he was injured by a stone which was dislodged from the road-bed and hurled against him by a passing train. This stone was a part of the ballast of the track, and was dislodged from its place and thrown against the plaintiff by the moving train. The principle in that case, however, is different from the one which should govern this. It was claimed there that the railroad company owed him

the duty of placing the material used in ballasting its track so that it would not be thrown against him while using the right of way as a foot-path. While the court in that case said that the dislodgment of the stone was a mere casualty, it was so because it did not appear that the stone had been improperly placed in the first instance; as an evidence of which it was shown that other trains had passed over that spot without dislodging it from its place. On the further question of the liability of the company to a licensee, for such an injury, it was ruled that one who uses the railroad right of way as a foot-path is chargeable with knowledge of the use which the company ordinarily makes of its property of this kind, and necessarily takes the risk of casualties occasioned by such use. In the present case the defendant in error was not a mere licensee. He was an employee, and was exactly where he should have been at the time he was injured. Not only so, but the slag which was thrown from the track and struck him had been improperly placed by other employees. The evidence does not show that other trains had passed over the road-bed at that point subsequent to the placing of the slag in the condition it was at the time the injury was caused, and it clearly appears that had this slag been properly placed no portion of it would have been thrown from the track. In the *Clardy* case it was a casualty when a rock which formed part of the ballast of the road-bed was dislodged and thrown against the passer-by, when no fault appeared on the part of the company in the construction of its road-bed, and when other trains had repeatedly gone over the same part of the road without bringing about such a result. The facts of the present case, however, show that the injury resulted from the improper work of certain employees of the company in placing the slag. If it had been properly placed and other trains had passed the spot without dislodging it, a question similar to that in the *Clardy* case would have been presented. But inasmuch as it sufficiently appears that the injury was occasioned because of the defective work of other employees, and that the plaintiff was injured as the consequence of that improper work, and that he himself was not in fault, he was entitled to recover.

*Judgment affirmed. All the Justices concurring.*