## INJURY FROM EXPLOSION OF A RAILWAY TORPEDO.

Court of Appeals for Hamilton County.

THE CINCINNATI, HAMILTON & DAYTON RAILWAY COMPANY v. JOHN HAHN.

Decided, March 29, 1915.

*Negligence—In the Placing of a Railway Torpedo—Must be Shown by One Claiming to Have Been Injured by Its Explosion.*

1. One claiming to have been injured by being struck by a piece of metal thrown by the explosion of a railroad torpedo, is not entitled to recover unless it can be shown that the railway company was guilty of negligence in placing the torpedo where it was placed.
2. The manifest weight of the testimony in the instant case is to the effect that railroad torpedoes do not throw particles above the waist line, and the injury from which the plaintiff suffered having occurred while he was on an overhead bridge twenty-five feet above the rails, such result of a torpedo explosion could not have been reasonably expected by the railway company, and it was error for the trial court to refuse to direct a verdict for the railway company.

*Waite & Schindel,* for plaintiff in error.
*Horstman & Horstman,* contra.

CHITTENDEN, J.; RICHARDS, J., and KINKADE, J., concur.

The action was brought in the Superior Court by the plaintiff, John Hahn, against the .Cincinnati, Hamilton & Dayton Railway Company, to recover damages alleged to have been sustained by reason of being struck in the jaw by a particle of metal from an exploded railroad torpedo. The trial resulted in a verdict and judgment in favor of the plaintiff for $1,000.

It is claimed by the plaintiff in error that the trial court erred in refusing to direct a verdict in favor of the defendant at the close of all the evidence; that the verdict and judgment are contrary to the evidence; and that the damages are excessive.

The Cincinnati, Hamilton & Dayton Railway Company tracks crossed under what is known as the Hopple street bridge at an acute angle. The evidence tends to show that the plaintiff was about to go upon the bridge when a torpedo was exploded by a passing locomotive pulling a passenger train. It is claimed that the location of the torpedo is shown to have been some 15 or 20 feet northerly from the line of the bridge. The bridge itself was 25 feet 4 inches above the rail of the track upon which the train was being operated. A considerable number of witnesses testified as to the distances that particles of exploded torpedoes will fly. It is claimed by the railroad company that the evidence tends to show that the particles of an exploded torpedo will in no event fly in an upward direction. An examination of the evidence on this question discloses but one witness who testifies to particles flying in an upward direction to any extent. One witness testifies to scars from exploded torpedoes upon a brige some 25 feet above the railroad track over which he had operated an engine as a locomotive engineer. It appears, however, that his knowledge is based upon hearsay evidence. One other witness testifies to a scar on a telegraph pole 8 feet above the ground, but upon further examination of his evidence it appears that the rail upon which the torpedo was placed was upon a trestle and that the particle flew directly sidewise from the rail, striking the telegraph pole at a point 8 feet above the ground. A number of old and experienced railroad men testified that they had never known of particles flying high enough to injure people

above the waist line. The evidence of an expert in the manufacture of railroad torpedoes shows that in a large number of tests, not less than 200, he did not find that particles flew higher than three feet above the top of the rail.

In *Cleveland, etc., Railway Co.* v. *Marsh,* 63 O. S., 236, it was held that the use of signal torpedoes being necessary, negligence in their use is not to be presumed but must be proven either directly or by proof of facts from which negligence will reasonably follow and be presumed. Assuming that the torpedo was exploded at the point claimed by the plaintiff below, and that he was struck by a particle from the torpedo, he is not entitled to recover unless it can be found that the railroad company was guilty of some act of negligence in placing the torpedo at the point claimed.

It is clear from the evidence as shown in the record that no such action on the part of an exploded torpedo as would endanger people on the bridge or at a point occupied by the plaintiff at the time of his injury, could have been reasonably anticipated by the railway company. We think that the evidence entirely fails to prove negligence upon the part of the railroad company, or to prove facts from which negligence could be inferred.

The trial court should have granted the motion of the defendant to direct a verdict in its favor at the conclusion of all the evidence. For such error the judgment of the superior court will be reversed, and this court will enter the judgment in favor of the defendant that should have been entered in the superior court.