W. T. WYRICK, ADMINISTRATOR OF NELLIE WYRICK, DECEASED,
v. SOUTHERN RAILWAY COMPANY.

(Filed 22 November, 1916.)

**Railroads—Negligence—Pedestrians on Track—Assumptions in Avoidance— Evidence—Trials—Nonsuit.**

The intestate of the plaintiff was a schoolgirl on her way to school with other girls on a dirt road alongside the defendant's right of way, and, seeing the train approach, went upon the track in an intervening cut. The other children climbed the side of the cut and avoided injury; but the intestate, while leaving the track for a place of safety, where there was sufficient room for the train to pass, caught her foot in a switch rod, and was struck by the locomotive and killed. *Held*, a motion as of nonsuit upon the evidence should have been allowed, upon the principle that the employees on defendant's train had the right to assume, up to the last moment, that the intestate, in full possession of her faculties, would leave the track and avoid the injury. In this case there was no evidence that the engineer was negligent or that he could have avoided the injury after seeing the intestate's peril.

CIVIL ACTION tried at August Term, 1916, of GUILFORD, before *Ferguson, J.*, upon these issues:

1. Was the intestate of the plaintiff killed by the negligence of the defendant, as alleged in the complaint? Answer: "Yes."

2. Did the plaintiff's intestate by her own negligence contribute to her injury and death, as alleged in the answer? Answer: "Yes."

3. Notwithstanding any negligence on the part of the plaintiff's intestate, could the defendant by the exercise of due care and prudence have prevented the injury and death? Answer: "Yes."

4. What damage, if any, is the plaintiff entitled to recover of the defendant? Answer: "$1,250."

From the judgment rendered, defendant appealed.

*L. Herbin, R. C. Strudwick for plaintiff.*
*Wilson & Ferguson for the defendant.*

BROWN, J. At the conclusion of the evidence the defendant made a motion to nonsuit, which was refused by the court. This is the only assignment of error we deem necessary to consider. All the evidence in this case tends to prove that on 3 November, 1915, plaintiff's intestate and daughter, Nellie, 12 years of age, in company with her brother and several other school children, was on her way to Brightwood School, which was situated on the same side of the railroad as her residence. The dirt road ran along the eastern side of the railroad track to a point very near the schoolhouse. When these children reached Rudd station, instead of following the dirt road, they walked on the railroad track until they reached a small cut about 150 feet long and sloping away from the track. About the middle of the cut there was a switch which was constructed in the usual and customary manner upon long ties or sills which extended out from beyond the other ties and about 8 or 9 feet from the eastern rail. About 300 yards south of the cut in which the switch stand was located there was another deep cut, and from the mouth of the deep cut to and continuing through the smaller cut the track curved to the right. As the children were approaching the cut they heard and saw northbound passenger train No. 44 coming out of the deep cut and approaching the smaller cut. Instead of stepping off the track on the left before entering the cut, they ran on into the cut and, with the exception of the plaintiff's intestate, the children ran up the sloping bank of the cut on the left of the track. When the train was seen coming, plaintiff's intestate, Nellie, entered the cut with the other children, and, instead of following them up the sloping sides out of the way of the train, undertook to pass between the switch target and the rail. Her foot was caught by the rod of the switch and before she could extricate it she was struck by the pilot beam of the engine and killed.

The evidence tends to prove that the train was running about 45 miles an hour, and that there was sufficient space between the rail and the bank of the cut, some 8 or 10 feet, for a passenger to have stood and let the train pass without injury. There is evidence that

the engineer saw the children as they ran into the cut and ran up the bank.

We are of opinion that the motion should have been sustained. It is settled by numerous decisions of this Court that when the engineer saw the girl upon the track he had a right to suppose that she would get out of the way and follow the other children up the bank to a place of safety. As is said in *Davis v. R. R.,* 170 N. C., 582: "A railroad company is not under any legal obligation to regulate the speed of its train for the convenience of those using its right of way, for its tracks are always places of danger, and the pedestrians who can easily step aside and avoid any danger should do so on the approach of a train. He cannot require the company to slow up any more than to stop. He must look out for trains and take care of himself, and the engineer has the right to suppose that he has done so, or that he will do so in time to save himself."

It is not incumbent upon an engineer to stop his train because he sees on the track ahead of him a pedestrian who is apparently in possession of his faculties and in no difficulty. The engineer has a right to assume that the individual will protect himself and leave the track in time to save injury. The engineer has a right to assume this up to the last moment and until, by reasonable care, he can discover that the person on the track is unable to get off. *Glenn v. R. R.,* 128 N. C., 184; *Talley v. R. R.,* 163 N. C., 567.

There is no evidence in this case of any substantive negligence upon the part of the engineer, which would justify a verdict against the defendant on the first issue. The plaintiff claims that the judgment should be sustained because of the finding on the third issue. We have examined the evidence and are unable to see anything that justifies the conclusion that after the engineer discovered, or by reasonable diligence could have discovered, the terrible predicament in which the plaintiff's intestate was placed, he could have stopped his train.

The motion to nonsuit is allowed.

Reversed.