L. E. MIKEAL v. CLARENCE W. PENDLETON AND YELLOW CAB COM-
PANY OF CHARLOTTE, N. C., INC.

(Filed 6 May, 1953.)

**1. Negligence § 19c—**

A motion for nonsuit on the ground of contributory negligence shown by
plaintiff's evidence will be allowed only when the evidence is so clear that
no other reasonable inference is deducible therefrom.

**2. Automobiles §§ 18h (2), 18h (3)—**

Plaintiff's evidence tending to show that he stopped before entering a
through street intersection, saw a vehicle approaching along the through
street some 225 feet away, attempted to cross the intersection before the
other vehicle, but was struck by the other vehicle just as his front wheels
had cleared the intersection, and that such other vehicle was traveling at
excessive speed, *is held* sufficient to be submitted to the jury upon the issue
of negligence and not to disclose contributory negligence on the part of
plaintiff as a matter of law.

**3. Negligence § 20—**

An instruction that negligence is the failure to perform some duty im-
posed by law or a want of due care, without any instruction in regard to
the rule of the reasonably prudent man, must be held for prejudicial error.

**4. Negligence § 1—**

Negligence is a want of due care, which must be determined with refer-
ence to the facts and circumstances surrounding the parties at the time,
judged by the conduct of an ordinarily prudent person similarly situated.

APPEAL by defendants from *Hatch, Special Judge,* and a jury, at
29 September, 1952, Extra Civil Term, of MECKLENBURG. New trial.

Civil action to recover for personal injuries and property damage re-
sulting from a collision of two automobiles in a street intersection due to
the alleged negligence of the defendants.

The collision occurred about one o'clock in the early morning of 29
July, 1951, at the intersection of South Church and West Stonewall
Streets in the City of Charlotte. South Church Street is a one-way
arterial or "through" street; whereas West Stonewall Street is a servient
street, on which motorists are required to stop before entering its inter-
section with South Church Street. In accordance with a city ordinance
there was a blinker-type traffic signal in operation at this intersection
flashing an intermittent red stop light for traffic on West Stonewall Street,
and an intermittent yellow caution light for traffic on South Church
Street. South Church Street is approximately 30 feet wide at the inter-
section. West Stonewall Street east of South Church Street is about 24
feet wide, and west of Church Street about 22 feet wide.

The plaintiff was driving his Cadillac automobile westwardly on West
Stonewall Street; the defendant Pendleton was driving a Plymouth taxi-

cab belonging to the corporate defendant southwardly on South Church Street.

The plaintiff testified that upon reaching the intersection he brought his automobile to a complete stop with the front of his car approximately even with the extension of the east curb of Church Street, from which point he had an unobstructed view of more than a block northward to his right along South Church Street. He said he looked to the left and then to his right along South Church Street and saw the defendants' taxi approaching from his right about two-thirds of a block, or 225 feet north of the intersection. As he put it: ". . . I figured I had ample time to get across and I started on across" at a speed of 6 or 8 miles per hour. When his Cadillac, approximately 22 feet in length, had reached a point where the front wheels had just cleared the western margin of South Church Street, it was hit by the defendants' approaching taxicab. The plaintiff said ". . . he came right on there like a flash; hit me here, and knocked me sideways right into this building and up against that telephone pole there." The front of the defendants' cab made contact with the right front door and right front fender of the plaintiff's Cadillac. After the collision, the plaintiff's car, facing in a westerly direction, was lodged between a building and a telephone pole off the southwest corner of the intersection. The pole is 18 feet west of the South Church Street curb; the sidewalk next to the "building up to the Stonewall (Street) curb is 58 inches wide; . . ." The defendants' cab was standing in the intersection, about three feet from the point of impact, and facing in a southwesterly direction.

C. D. Thomas, who was in the front seat of the plaintiff's car, testified he saw the cab when it was about 55 feet away and said in his opinion it was traveling from 35 to 40 miles per hour. He further said: "The taxicab was on its right-hand side of South Church Street when I saw it, and I would say probably within 4 feet of the curb. It did not swerve, it come right straight into us. It did not slow down at all."

The defendants' evidence, sharply in conflict with that of the plaintiff, tends to show that the cab approached the intersection at a speed of only 20 or 25 miles per hour and that the plaintiff's car, traveling some 30 or 35 miles per hour, drove into the intersection without stopping, ahead of the cab just as it was entering or about to enter the intersection. The defendant Pendleton, who was driving the cab, said: "When I first saw Mr. Mikeal's car, I had just entered the intersection at a speed of between 20 and 25 miles an hour. At that time, Mr. Mikeal's car was slightly to my left. It just flashed by the stucco building there (on the corner of the intersection left of the cab driver)."

Issues of negligence, contributory negligence, and damages were submitted to the jury and answered in favor of the plaintiff.

From judgment on the verdict awarding the plaintiff damages of $2,033.00, the defendants appeal, assigning errors.

*Helms & Mullis and Wm. H. Bobbitt, Jr., for defendants, appellants.*
*Jones & Small and Robinson & Jones for plaintiff, appellee.*

JOHNSON, J.    It is established by the decisions of this Court that a motion for nonsuit on the ground of contributory negligence shown by the plaintiff's evidence will be allowed only when the evidence is so clear that no other reasonable inference is deducible therefrom.    *Donlop v. Snyder,* 234 N.C. 627, 68 S.E. 2d 316; *Bundy v. Powell,* 229 N.C. 707, 51 S.E. 2d 307; *Fowler v. Atlantic Co.,* 234 N.C. 542, 67 S.E. 2d 496.

An examination of the evidence adduced below when considered in its light most favorable to the plaintiff, as is the rule on motion for nonsuit, was sufficient to make out a *prima facie* case of actionable negligence against the defendants, free of facts and circumstances shown by the plaintiff's own evidence amounting to contributory negligence as a matter of law.    The motion for judgment as of nonsuit was properly overruled.

However, we are constrained to the view that the defendants are entitled to a new trial for errors appearing in the charge.

The court in charging the jury said: "Negligence is not difficult to define.    Negligence, Ladies and Gentlemen of the Jury, is a failure to perform some duty imposed by law, a want of due care."

The defendants, under exception duly brought forward, contend that this instruction is not an adequate definition of negligence.    They assert that while the trial judge used the phrase "some duty imposed by law," he failed to state the nature and requirements of this "duty"; that while the judge used the term "due care," at no place in the charge was the jury told what does or does not constitute "due care," or by what standard "due care" is to be measured.    Thus the defendants urge that it was left open for the jury to speculate as to the meaning of these technical terms and to give them such legal effect as the jury chose.    In short, the defendants contend that this portion of the charge left it entirely for the jury to determine what duty the defendant driver owed the plaintiff and what acts or omissions constituted a breach of that duty.

The defendants' exception seems to be well taken.    The court inadvertently failed to explain to the jury the rule of the reasonably prudent man.    An examination of the entire charge leaves the impression that this oversight may not be treated as harmless error under application of the doctrine of contextual construction.    The exception is sustained.

Negligence is a failure to perform some duty imposed by law.    It is doing other than, or failing to do, what a reasonably prudent man would have done under the same or similar circumstances.    In short, negligence

is a want of due care; and, in determining whether due care has been exercised in any given situation by the party alleged to have been negligent, reference must be had to the facts and circumstances of the case, and to the surroundings of the party at the time, and he must be judged by the influence which those facts, and his surroundings, would have had upon a man of ordinary prudence in shaping his conduct, if he had been similarly situated. *Drum v. Miller,* 135 N.C. 204, 47 S.E. 421; *Ramsbottom v. Railroad,* 138 N.C. 38, 50 S.E. 448; *Rea v. Simowitz,* 225 N.C. 575, 35 S.E. 2d 871.

Since the case goes back for retrial, we refrain from discussing the rest of defendants' exceptions.

New trial.