REBECCA SIMPSON HART (Formerly REBECCA SIMPSON), Admr'x. of
G. B. SIMPSON, v. FRANCIS H. CURRY.

(Filed 21 October, 1953.)

**Negligence § 9—**

   It is not required that defendant should have been able to anticipate the precise injury which occurred in order for his negligent act or omission to be the proximate cause of the injury, but it is sufficient for this purpose if defendant, in the exercise of reasonable care, might have foreseen that some injury would probably result therefrom.

APPEAL by plaintiff from *Bone, J.,* June Term, 1953, of PASQUOTANK.

This is a civil action to recover for the wrongful death of the plaintiff's intestate which it is alleged resulted from the negligence of the defendant.

The facts with respect to the manner in which the plaintiff's intestate met his death are fully stated in the opinion on a former appeal, reported in 237 N.C. 260, 74 S.E. 2d 649, and will not be restated herein.

In the trial below the jury answered the issue of negligence against the plaintiff and judgment was entered on the verdict. The plaintiff appeals, assigning error.

*Robert B. Lowry and John H. Hall for appellant.*
*LeRoy & Goodwin for appellee.*

DENNY, J. The plaintiff assigns as error the following portion of the charge to the jury: "For it to be said that the defendant's negligence was

the proximate cause of the death of plaintiff's intestate, it must be shown that the death of plaintiff's intestate was the natural and probable result of the defendant's negligence, and that it ought to have been foreseen, in the light of all of the surrounding facts and circumstances."

This instruction is not in accord with our decisions on the question of foreseeability. The test of foreseeability does not require that the negligent person should have been able to foresee the injury in the precise form in which it actually occurred, or to anticipate the particular consequences which actually flowed from his act or omission. 38 Am. Jur., Negligence, section 62, page 713.

All that the plaintiff is required to prove on the question of foreseeability, in determining proximate cause, is that in "the exercise of reasonable care, the defendant might have foreseen that some injury would result from his act or omission, or that consequences of a generally injurious nature might have been expected." 21 A. & E. Ency. of Law (2nd Ed.), page 487, quoted with approval in *Drum v. Miller,* 135 N.C. 204 (p. 215), 47 S.E. 421, 65 L.R.A. 890, 102 Am. St. Rep. 528; *Hall v. Coble Dairies,* 234 N.C. 206, 67 S.E. 2d 63; *McIntyre v. Elevator Co.,* 230 N.C. 539, 54 S.E. 2d 45; *Lee v. Upholstery Co.,* 227 N.C. 88, 40 S.E. 2d 688.

In *Drum v. Miller, supra,* the court instructed the jury that before they could find for the plaintiff they "were required to find that the defendant was at the time able to foresee, by the exercise of ordinary care, not only that injury would result but that the particular injury which was received by the plaintiff would be the natural and probable consequence of his act." This instruction was held to be erroneous and prejudicial to the plaintiff.

Likewise, in the instant case, the assignment of error must be sustained. The plaintiff is entitled to a new trial and it is so ordered.

New trial.