BEULAH W. SLAUGHTER v. J. H. SLAUGHTER, JR.

(Filed 18 June, 1965.)

**1. Negligence § 1—**

A person injured as the result of heedless flight from fright engendered by a practical joke may recover for such injury if injury could have been foreseen by the perpetrator of the prank, notwithstanding that the perpetrator was not motivated by personal animosity or desire to inflict injury.

**2. Damages § 3—**

While damages may not be recovered for mere fright alone, damages are recoverable if the fright is accompanied by contemporaneous physical injury.

**3. Negligence § 7—**

It is not required that defendant be able to foresee the particular injury resulting, but only that in the exercise of reasonable care he could have foreseen that some injury would result from his conduct or that consequences of a generally injurious nature might ensue, and foreseeability is ordinarily a question for the jury.

**4. Negligence § 24a—**

Evidence tending to show that at a season when fireworks were not customarily discharged, defendant, as a practical joke to frighten his children, exploded firecrackers outside the window of the dimly lighted room in which his mother was watching television with his children, that the children became frightened and that his mother, thinking the unexplained explosions were gun fire, became hysterical, attempted to take flight, and stumbled to her injury, *held* sufficient to be submitted to the jury in the mother's action to recover for such injury.

**5. Negligence § 28—**

The charge in this case *is held* to have correctly instructed the jury in respect to foreseeability as an element of proximate cause.

APPEAL by defendant from *Hall, J.,* December 1964 Session of SCOTLAND.

Action by plaintiff to recover damages for injuries suffered by her when, frightened by the exploding of firecrackers outside a window of the room she was occupying, she attempted to flee from the room and fell. The firecrackers were exploded by defendant, son of plaintiff. Plaintiff was a guest in defendant's home at the time of the occurrence. It was the purpose of defendant to play a practical joke and thereby frighten his children who were in the room with plaintiff.

The jury found that defendant's negligence caused plaintiff's injuries and that plaintiff was not contributorily negligent. Substantial damages were awarded. Judgment in favor of plaintiff was entered in accordance with the verdict.

*Mason, Williamson and Etheridge for plaintiff.*
*Henry & Henry for defendant.*

MOORE, J. The appeal raises two questions for decision.

(1) Is plaintiff's evidence, when considered in the light most favorable to her, sufficient to withstand defendant's motion for nonsuit?

Plaintiff was 67 years of age and resided at Graham, N. C. At the time of the accident in question, 30 January 1964, she was visiting in the home of defendant, her son, at Laurinburg, N. C., and had been a guest there for about two weeks. Defendant and his wife planned to go out to dinner; plaintiff was to stay with the children. About 7:30 P.M., plaintiff and the two children, ages two and nine years, were seated on the sofa in the den, 6 to 8 feet from a large window, watching television. The drapes at the lower part of the window were drawn; at the top they were open. It was dark outside. There was a dim light in the den.

Plaintiff describes the occurrences thus: "Johnny (defendant) came into the room (den); I knew he was going out and I asked him to adjust the T-V. He stayed in the room just long enough to adjust the T-V. . . . While I was sitting there looking at T-V, I heard a noise that sounded like a shotgun; the children began to scream a little . . . You could tell they were frightened. It wasn't long until I heard a second noise. The second noise sounded like the first noise, sounded like a shotgun, real loud. The second time the children started screaming and I began to get a little bit panicky. Then the third time there was another noise. By that time I was emotionally upset. I didn't know what to do. . . . I remember taking one step and am sure I must have tried to take another step. I believe that is when I fell. . . . When I heard this third noise, I was hysterical, so highly emotional, I didn't know where I was. These noises came from the window on my right about 6 to 8 feet away. . . . The little girl was up on the sofa screaming. They were both screaming, 'Somebody is shooting at us; Somebody is shooting at us!' When I left the sofa, I was just kinda bent over; I didn't stand in erect position. I was trying to escape the firing, I felt that if I would stand up I would be shot. . . . It must have been some little object in my way. . . . Johnny and his wife came in the room while I was still lying on the floor. Johnny wanted to know if I was hurt and said he was playing a joke on the children and that firecrackers caused the noise. He said he was the one who shot the firecrackers. He said he was playing a joke on the children to frighten them."

Defendant's wife, alarmed by the explosions and the screaming of the children, ran outside. She found defendant "standing on the walk in front of the den window, maybe four feet away. There was bluish looking smoke all in the shrubbery." Defendant told her "he shot firecrackers to frighten the baby. He said he threw them over near the den window."

Plaintiff suffered a "fracture of the left hip" and "fracture of proximal end of the left fibula," requiring surgical treatment. Other serious injuries and conditions also resulted from plaintiff's fall. She incurred surgical, medical, hospital, nursing and equipment expenses totalling $3,886.97. She underwent much pain and suffering.

Defendant offered no evidence.

In a recent case, *Langford v. Shu,* 258 N.C. 135, 128 S.E. 2d 210, this Court speaking through Sharp, J., stated these principles which are in accord with the weight of authority: ". . . the fact that it is a practical joke which is the cause of an injury does not excuse the perpetrator from liability for the injuries sustained. 52 Am. Jur., Torts, Sec. 90; 86 C.J.S., Torts, Sec. 20. Where voluntary conduct breaches a duty and

causes damage it is tortious although without design to injury. 62 C.J., Torts, Sec. 22." Further: "If an act is done with the intention of bringing about an apprehension of harmful or offensive conduct on the part of another person, it is immaterial that the actor is not inspired by any personal hostility or desire to injure the other. See Annotation, Right of Victim of Practical Joke to Recover Against its Perpetrator, 9 A.L.R. 364." See also: *Farr v. Cambridge Co-operative Oil Company,* 81 N.W. 2d 597 (Neb.); *Kiener v. Steinfeld,* 61 A. 2d 305 (N.J.); *Nickerson v. Hodges,* 84 S. 37, 9 A.L.R. 361 (La.); *Great Atlantic & Pacific Tea Co. v. Roch,* 153 A. 22 (Md.); *Parker v. Enslow,* 102 Ill. 272.

As a general rule, damages for mere fright are not recoverable, but if there is a contemporaneous physical injury resulting from defendant's conduct there may be a recovery. 11 A.L.R., Anno. — Fright Resulting in Physical Injury, pp. 1119-1144, supplemented by 40 A.L.R. 983, 76 A.L.R. 681, and 98 A.L.R. 402. See also *Williamson v. Bennett,* 251 N.C. 498, 112 S.E. 2d 48; *Kirby v. Stores Corp.,* 210 N.C. 808, 188 S.E. 625.

Defendant does not dispute the validity or applicability of the foregoing general statements of law. He centers his attack upon a single element of actionable negligence — foreseeability. He contends that plaintiff's fall and resulting injuries were not, as a matter of law, reasonably foreseeable, that they were unusual and unlikely results of his conduct and that it imposes "too heavy a responsibility to hold him bound . . . to guard against what is unusual and unlikely to happen, or what, as it is sometimes said, is only remotely and slightly probable." *Herring v. Humphrey,* 254 N.C. 741, 745, 119 S.E. 2d 913. Defendant cites no case, factually analogous, in which comparable injury from comparable conduct is held to be unforeseeable as a matter of law. He relies on general principles relating to foreseeability.

It is sufficient if by the exercise of reasonable care the defendant might have foreseen that some injury would result from his conduct or that consequences of a generally injurious nature might have been expected. *Bondurant v. Mastin,* 252 N.C. 190, 113 S.E. 2d 292. Usually the question of foreseeability is one for the jury. *McIntyre v. Elevator Co.,* 230 N.C. 539, 545, 54 S.E. 2d 45.

The decided cases do not seem to sustain defendant's thesis. *Langford v. Shu, supra,* is in point. Two small boys had a box labeled "Danger, African Mongoose, Live Snake Eater"; the box was so contrived that a fox tail would be released by a spring when the lid was opened. When plaintiff, a neighbor, came to visit, the boys induced her near the box and suddenly released the fox tail, causing plaintiff, in attempting to escape what she thought was a wild animal, to stumble against a brick wall, resulting in personal injury. Defendant, mother of the boys,

was present, had knowledge of the practical joke, helped set the stage for perpetration of the joke on plaintiff by her answers to plaintiff's questions concerning the box, and generally entered into the fun. This Court declared: ". . . in the exercise of due care defendant could have reasonably foreseen that if a furry object came hurtling from the box toward plaintiff she would become so frightened that she was likely to do herself some bodily harm in headlong flight." We call attention also to the following cases in which injuries suffered in the course of flight engendered by fearsome practical jokes were held to be sufficiently foreseeable to justify submission for jury determination: *Johnston v. Pittard et al,* 8 S.E. 2d 717 (Ga.); *Lewis v. Woodland,* 140 N.E. 2d 322 (Ohio). These cases are summarized in *Langford v. Shu, supra.*

From the evidence in the case at bar the jury could find these facts. It was night and the room occupied by plaintiff and the children was dimly lighted. They were watching television. Defendant had left the room sometime before and he and his wife were to go out to dinner. It is a matter of common knowledge that this was not a season for shooting firecrackers. The children were under plaintiff's protection. Defendant intended to frighten the children by exploding the firecrackers outside the window, and did frighten them. Plaintiff had not been forewarned. She thought the sudden and unexpected explosions outside the window, only a few feet away, were gunfire. She was frightened, became hysterical, attempted to take flight, stumbled and fell to her injury. In our opinion it was for the jury to determine whether defendant, who acted secretly and with express intent to frighten the children, could reasonably foresee that his conduct would also frighten his elderly mother in whose protective care the children had been placed, and that she would react to fright in some manner that would probably cause her harm.

(2) "Did the Court err in its charge to the jury, both in omission and commission and particularly in regard to the charge on proximate cause and foreseeability? G.S. 1-180."

Defendant lists six exceptions to the charge and specifies his challenge thus: The judge " did not correctly explain the law of foreseeability as it relates to what is foreseeability," and he "failed to instruct the jury upon foreseeability in the relationship of the plaintiff's location and that of defendant's location." We have carefully studied the charge in the light of these objections and find the objections untenable. The judge correctly and fully charged the jury with respect to foreseeability and its application as an essential element of proximate cause, applied the law to the evidence, gave the parties' contentions with respect to foreseeability, and made it clear that a finding of reasonable foreseeability, by the greater weight of the evidence, was one of the

requisites of a verdict favorable to plaintiff. *Bondurant v. Mastin, supra; Adams v. Board of Education,* 248 N.C. 506, 103 S.E. 2d 854; *Boone v. R. R.,* 240 N.C. 152, 81 S.E. 2d 380.

No error.