Trinity & Brazos Valley Railway Co. v. C. M. Blackshear.

No. 2734.   Decided January 13, 1915.

**1.—Negligence—Proximate Cause.**

A defendant is liable for a result of his negligence which, under the circumstances, he might reasonably foresee might happen, but not for such as could not be anticipated.   (P. 517.)

**2.—Same—Case Stated.**

A farm laborer working fifty feet away from a railway track was struck and injured by a spike, loose in the tie or lying on the track, and caught up and thrown by the wheels of a passing train.   Held, that such injury was not one reasonably to be foreseen as a possible consequence of the negligence, and there could be no recovery; nor was the Supreme Court bound by a finding that the injury was a proximate result.   (Pp. 516-518.)

Error to the Court of Civil Appeals, Fifth District, in an appeal from Hill County.

Blackshear sued the railway company for personal injury and recovered.   Defendant appealed and obtained writ of error on affirmance.

*N. H. Lassiter, Robert Harrison,* and *Morrow & Morrow,* for plaintiff in error.—The evidence in this case wholly fails to show that the railway company could have reasonably foreseen or anticipated the occurrence which caused the injuries to the plaintiff Blackshear.   T. & P. Ry. Co. v. Reed, 88 Texas, 439; G., H. & S. A. Ry. Co. v. Bigham, 90 Texas, 223; T. & P. Ry. Co. v. Short, 58 S. W., 56; Railway Co. v. Pope, 98 Texas, 535; Duerler v. Dulling, 83 S. W., 890, 87 S. W., 333; Railway Co. v. Reider, 107 S. W., 665-666; McNiff v. Railway Co., 26 Texas Civ. App., 558; Railway Co. v. Washington, 94 Texas, 517; Railway Co. v. Shoemaker, 98 Texas, 451.

*H. B. Porter, Collins, Cummings & Shurtleff, W. F. Ramsey,* and *C. L. Black,* for defendant in error.—The evidence in this case was amply sufficient to justify the conclusion of the jury that the defendant was guilty of actionable negligence, and it was not necessary for the jury to find and believe, in order to convict defendant of negligence, that the defendant could have foreseen that, as a result of its negligence, this injury would happen.   It was only necessary that the evidence justify a conclusion that defendant could have reasonably foreseen that as a result of allowing spikes to remain loose on its ties and rails the same would be struck and thrown by its train, and it was not necessary to show that it could have been foreseen that when the spikes were thrown they would strike some person and injure him.   It is not the law that the exact injury must be anticipated, but merely that some injury should have been anticipated.   Railway Co. v. Blackshear, 131 S. W., 855; Railway Co. v. Troutman, 138 S. W., 427; Railway Co. v. Jackson, 90 Texas, 372; Railway Co. v. Wood, 63 S. W., 164; Railway Co. v. Gee, 27 Texas Civ. App., 414; Railway Co. v. Scarbrough, 29 Texas Civ. App., 194; Railway Co. v. Smith, 148 S. W., 821; Railway

Co. v. McHale, 47 Texas Civ. App., 360; Railway Co. v. Marchand, 24 Texas Civ. App., 47.

Since it stands as an undisputed fact that this spike was thrown by the railway company from its track and from its premises over this man's property where he was engaged in the lawful prosecution of his own business, and that by reason thereof he was struck and injured, it was immaterial whether the railway company was guilty of negligence. Such an act constituted a trespass on the property, rendering the railway company liable for damages resulting therefrom, and there is no rule of law that excuses a man from making a trespass simply because he is in the exercise of ordinary care. There is no such thing in law as a prudent trespass. It must be done by consent or liability attaches. Hays v. Cohoes, 2 N. Y., 279; St. Peter v. Deison, 58 N. Y., 416; Steger v. Barrett, 124 S. W., 174; Cooley on Torts, 1st ed., p. 332.

There being evidence in the record that the plaintiff in error allowed loose spikes to remain on its ties and to accumulate near its rails and on its right of way, and it being shown that one of these spikes was struck and thrown onto the adjoining premises by a passing train with resulting injuries to the defendant in error, and there also being evidence in the record showing that spikes in such condition might be struck and thrown by passing trains, it was at least an issue of fact under the evidence as to whether the plaintiff in error in the exercise of ordinary care and diligence should have foreseen and anticipated that as a result of leaving the spikes in such condition one of them might be thrown with resulting injury to the defendant in error or some person similarly situated. Railway Co. v. Wood, 63 S. W., 164; Railway Co. v. Marchand, 24 Texas Civ. App., 47; Railway Co. v. Troutman, 138 S. W., 427; Railway Co. v. Scarborough, 29 Texas Civ. App., 194; Railway Co. v. Smith, 148 S. W., 821; Railway Co. v. State. 96 Md., 652; Railway Co. v. Downey, 47 N. E., 494; Railway Co. v. Schultz, 30 So., 938; Railway Co. v. Bercaw, 58 S. W., 434; Railway Co. v. O'Kelleher, 21 Texas Civ. App., 96; Railway Co. v. Neeley, 40 S. W., 130; Railway Co. v. Tullis, 41 Texas Civ. App., 219; Railway Co. v. Johnson (Texas), 51 S. W., 531; Railway Co. v. Chapman, 2 So., 738; Jackson v. Railway Co., 90 Texas, 372; Turney v. Railway Co., 75 Pac., 144; Lowrey v. Railway Co., 99 N. Y., 158; Hogan v. Railway Co., 149 N. Y., 23.

MR. CHIEF JUSTICE BROWN delivered the opinion of the court.

The plaintiff in error constructed its road through a farm in Hill County (the name of the owner is not important), and was operating its trains thereon at the time the injury complained of occurred. There is evidence from which a jury might conclude that within the limits of the said farm the spikes which held the rails to the ties of the railroad track were in many instances loose, and in some instances they were lying upon the ground.

Defendant in error Blackshear was employed by the owner of the farm as a hand, and was engaged in plowing at the time at a point near to the railroad track. A freight train upon the railroad track passed

by him at unusual rapid speed, and just as it passed, something struck Blackshear in the side and caused the injury complained of. Blackshear was at the time about fifty feet from the railroad track. From the injury received in his side Blackshear was confined to his bed and room for about two weeks, and when he was able to do so, he went back to the place at which he was plowing and where he was standing at the time he received the blow, and he found near there on the ground an iron spike, such as was used on the railroad track, and be believed it was the spike that struck him, and caused his injury.

The spike being negligently permitted to be upon the track of the railroad, or loose in the ties, the railroad company would be responsible for injury proximately caused by such negligence, which, in the exercise of reasonable diligence, the railroad company might have foreseen might result therefrom. Texas & P. Ry. Co. v. Bigham, 90 Texas, 223, 38 S. W., 162.

In the case cited, Chief Justice Gaines, in his usual thorough manner, examined and discussed this question and announced the rule to be:

"But we are not prepared to hold that in no case can the original cause of the injury be deemed the proximate cause, where an independent and disconnected agency has supervened and brought about the result. The fact of the intervention of an independent agency, it occurs to us, bears more directly upon the question whether the injury ought, under all the circumstances, to have been foreseen; and, where this latter fact appears, we think that the original negligent act ought to be deemed actionable. In Seale v. Railway Co., 65 Texas, 274, Chief Justice Willie says: 'If the intervening cause and its probable or reasonable consequences be such as could reasonably have been anticipated by the original wrongdoer, the current of authority seems to be that the connection is not broken.' It follows that, in our opinion, the question of probable cause ought to depend upon the further question, whether a reasonably prudent man, in view of all the facts, would have anticipated the result—not necessarily the precise actual injury, but some like injury, produced by similar intervening agencies."

In the Bigham case, the railroad company was negligent in not providing a safe latch to the gate of a lot in which cattle were placed, and was held liable for the injury to cattle which broke through the gate and escaped, but was held not to be liable for injury to a man who was attempting to prevent the escape by guarding the gate. The escape of the cattle should have been foreseen as a consequence, but the presence of the man at the gate could not have been anticipated, therefore the injury to him could not have been anticipated as a result of the negligence. In this case it was negligence to permit spikes to lie upon the track, and if Blackshear had been lawfully on or near the track in discharge of a duty and had received his injury, there might be liability. In support of the case cited, we add the following: Sjorgren v. Hall, 53 Mich., 274, 18 N. W., 812; American Brew. Assn. v. Talbot, 141 Mo., 674, 64 Am. St. Rep., 543, 42 S. W., 679; 3 La Batt's Master & Servant, secs. 1042-1045.

This doctrine is well stated in volume 3, La Batt on Master and Servant, second edition, article 1042, in the following language:

"The negative form of the doctrine under discussion may be stated, in its most general form as follows: 'A person is not . . . answerable at law for a failure to avert or avoid peril that could not have been foreseen by one in like circumstances, and in the exercise of such care as would be characteristic of a prudent person so situated.' In other words, it is not negligence to fail to provide against an accident of such a nature that nobody could have foreseen it, and that no prudence could have anticipated the need of guarding against it. After an accident has occurred it may be easy to see what would have prevented it; but that, of itself, does not prove nor tend to prove that reasonable or ordinary care would have anticipated and provided against it."

We have conceded the correctness of the jury's conclusions as the basis upon which to determine the rule of law applicable, but we do not concede that this court would be bound to accept such conclusion, for it is in disregard of the natural laws which govern in such cases that an iron wheel would life an iron spike from the ground and throw it any distance. If it be admitted as true, then it proves that it could not have been foreseen by the railroad company's employees in this case, as such occurrence would be so rare, that it could not be anticipated.

We therefore conclude that admitting the truth of the statements made by the witnesses, the occurrence was of such a nature that it could not have been anticipated and guarded against. Therefore the railroad company was not guilty of negligence, and is not liable for the injury which was caused. It is therefore ordered that the judgment of the District Court and the Court of Civil Appeals be reversed, and that judgment be here entered that the defendant in error Blackshear take nothing by his suit, and that the plaintiff in error recover against him all costs of both courts.

*Reversed and rendered.*