## BROWNING v. BECK.

### No. 2517.

Court of Civil Appeals of Texas. Beaumont.

June 13, 1934.

Rehearing Denied June 30, 1934.

Burris, Green & Benton, of Houston, for appellant.

Vinson, Elkins, Sweeton & Weems and King, Wood & Morrow, all of Houston, for appellee.

COMBS, Justice.

The appellant, R. L. Browning, was plaintiff, and the appellee, F. C. Beck, defendant, in the court below, and for convenience we will designate the parties as in the trial court.

Plaintiff brought this suit against the defendant in the district court of Harris county to recover damages for personal injuries sustained by him on the evening of April 30, 1931, when he was struck by an automobile being operated by the defendant on the Houston-Wharton public highway. The appeal was to the First Court of Civil Appeals at Galveston and the case is before us on transfer by the Supreme Court.

In his petition the plaintiff alleged that on the occasion in question he, with four other persons, was proceeding along the concrete highway in a southerly direction at about 9:30 at night in an automobile owned and being driven at the time by Horace Buchanan; that Buchanan and another occupant of the car were riding in the front seat, and plaintiff and two others were occupying the rear seat, plaintiff being seated on the left-hand side. That plaintiff was sitting in a forward position with his arms on the back of the front seat and his head lying on his arms, when he was suddenly startled by a remark of another occupant of the car, and raising his head from his arms he saw unusually bright lights on the automobile of defendant which was approaching in a northerly direction; that the glare of the headlights being so powerful and so far over on the left (or wrong) side of the road that plaintiff was placed in a state of mental terror from the apparent imminent danger of a collision between the approaching automobile of defendant and the one in which he was riding, and that acting upon the instinct of self-preservation, and without time for deliberation, he attempted to jump from the automobile in which he was riding, and that as he thrust his hand forward out of the car in an effort to get out, his hand was struck by the windshield of defendant's automobile as it passed, the windshield being broken by the impact, and his hand and arm were caught in the broken glass and he was jerked out on the pavement; that he was rendered unconscious and suffered serious and permanent injuries. Plaintiff charged the defendant with numerous acts of negligence proximately causing his injuries. Among them he charged that the defendant was negligent (a) in driving his automobile at 50 miles per hour; (b) in driving on the left-hand side of the road; (c) in failing to dim his lights; (d) in not having his car under proper control; (e) in driving his car at a speed in excess of 15 miles per hour while passing another vehicle of the same class going in an opposite direction in violation of the Penal Code; (f) in failing to keep a proper lookout. The defendant answered by general demurrer, general denial, and a general plea of contributory negligence.

The trial was to a jury, and at the conclusion of plaintiff's evidence the court granted defendant's motion for instructed verdict and entered judgment thereon in favor of the defendant.

■ Viewing the evidence in the light most favorable to plaintiff, as we must do in view of the instructed verdict, we think it establishes the following facts:

Buchanan's car, in which plaintiff was riding, was being operated in a careful and proper manner at about 20 miles per hour along the right-hand side of the pavement, which was about 18 feet wide. The defendant's car approached from the opposite direction at a rapid rate of speed, estimated to be 45 or 50 miles per hour. Defendant was driving on his left-hand side of the road, that is to say, he was on the wrong side of the road, and his car was traveling towards Buchanan's. When defendant's car was within 60 to 100 feet of Buchanan's car, the occupants of the latter became alarmed and one of them exclaimed, "Look out for those lights"; plaintiff looked up suddenly into the glare of the lights of the defendant's on-coming car, and believing a head-on collision imminent, he attempted to jump from the car in which he was riding out onto the highway. At about the same time Buchanan, driver of the car in which plaintiff was riding, believing that defendant's car was headed directly into him, and would strike his car head-on, and being blinded by the lights, slowed his car down, at the same time swerving it to the right as defendant's car, without checking, sped by, just missing the Buchanan car by 6 to 12 inches. Defendant's automobile struck the plaintiff as alleged and jerked or knocked him out upon the highway, seriously and permanently injuring him. Defendant stopped his automobile as soon as he could and came back, knowing that he had hit something. His car had gone about 250 feet down the road before he brought it to a stop. Upon coming back he stated that he knew he had hit something but did not know what it was, as he was making 45 miles per hour when he passed. These facts were established by plaintiff's evidence. Defendant did not offer any testimony, his motion for instructed verdict having been granted at the conclusion of plaintiff's evidence.

Appellee contends that the trial court properly instructed the verdict because (a) the alleged negligent conduct of the defendant could not have been a proximate cause of plaintiff's injuries, in that the accident was not such as the defendant could reasonably have foreseen and anticipated as a proximate result of the alleged negligence; (b) plaintiff was guilty of contributory negligence as a matter of law in being asleep just prior to the accident; (c) plaintiff was guilty of contributory negligence as a matter of law in jumping from the car in which he was riding

into the path of defendant's car, which negligence he cannot excuse on the ground of sudden peril because the plaintiff himself was not free from fault.

■ The doctrine of proximate cause has been variously stated, but generally speaking it may be said that, while foreseeableness of the injury is a well-recognized element in fixing liability, yet this does not mean that the negligent party ought reasonably to have foreseen the particular consequence or precise form of the injury, or the particular manner in which it occurred or that it would occur to a particular person. The rule is intended merely to apply the practical test of common experience in determining whether the injury was one which a person should under the circumstances reasonably anticipate as a probable consequence of his negligent conduct. And if, under the circumstances, a person of ordinary prudence would have foreseen that such an injury as did occur might and probably would result from the act of negligence, then the rule of proximate cause is fully satisfied. 45 C. J. p. 918, § 484 et seq.; City of Dallas v. Maxwell (Tex. Com. App.) 248 S. W. 667, 27 A. L. R. 927; Texas & P. Railway Co. v. Bigham, 90 Tex. 223, 38 S. W. 162; Trinity & B. V. Railway Co. v. Blackshear, 106 Tex. 515, 172 S. W. 544, L. R. A. 1915D, 278; Hines v. Morrow (Tex. Civ. App.) 236 S. W. 183.

■ Here, the evidence shows that the defendant, in violation of the law, operated his car on the wrong side of the road, where he should have known that he would meet persons lawfully using the highway; that he drove his car at a high rate of speed directly toward the Buchanan car until a collision appeared imminent, thereby frightening all the occupants of it, and without checking his speed sped by narrowly missing it by a few inches, with the result that plaintiff was struck and seriously injured. We cannot agree with appellee's contention that only a prophet could have anticipated such result. Under the circumstances we think it required no gift of prophetic vision for the defendant to have foreseen that some occupant of the Buchanan car might be injured as a result of such negligent conduct.

■ Nor was plaintiff guilty of contributory negligence, as a matter of law, in being asleep just prior to the accident. There is no statute forbidding a passenger, or guest, going to sleep in a moving automobile, nor has any Texas court ever held that mere failure of a passenger or guest to keep a lookout is, under all circumstances, negligence as a matter

of law. The night was clear and the road good. Buchanan was operating his automobile in a careful and proper manner and probably did a much better job of it than he could have with back seat assistance from the plaintiff. There is nothing to indicate that plaintiff could have helped the driver in any way had he been fully awake and looking ahead. There were, therefore, no special circumstances which imposed on the plaintiff any duty of keeping a lookout, which fact fully distinguishes this case from the case of Texas Mexican Railway Company v. Hoy (Tex. Com. App.) 24 S.W.(2d) 18, cited by the defendant.

■ Defendant's further contention that the plaintiff was guilty of contributory negligence, as a matter of law, in attempting to jump out of the automobile in which he was riding, is also without merit. Whether he was negligent in that respect was a question of fact for the jury. Through defendant's negligence the plaintiff was placed in a position of peril where he was compelled to act quickly and without time for deliberation. According to the evidence the defendant's automobile was within a hundred feet or less of the Buchanan car when Buchanan and the other occupants realized that a collision might occur. The plaintiff had but a brief second or so in which to decide what he would do in the emergency. The rule is well recognized that one who in a sudden emergency acts according to his best judgment, or who, because of want of time in which to form a judgment, fails to act in the most judicious manner, is not chargeable with negligence, merely because subsequent events show that he would not have been injured if he had acted differently. 20 R. C. L. p. 29; International & G. N. Ry. Co. v. Neff, 87 Tex. 303, 28 S. W. 283; McCrearry v. St. Louis Southwestern R. Co. (Tex. Com. App.) 1 S.W.(2d) 868; Texas & P. Ry. Co. v. Watkins, 88 Tex. 20, 29 S. W. 232; Texas & N. O. Ry. Co. v. Diaz (Tex. Civ. App.) 234 S. W. 919.

The rule contended for by the defendant, to the effect that one who is at fault cannot avail himself of the sudden emergency doctrine, has application only where the fault or negligence of the party claiming the benefit of it produced or assisted in bringing about the perilous situation in which he was placed. Here the perilous situation was produced solely by the negligence of the defendant. The fact that plaintiff was asleep just before the accident had nothing to do with it.

For the errors discussed the judgment of the trial court is reversed, and the case remanded for a new trial.