Roy W. TIBBS, Appellant,

v.

HUBER, HUNT & NICHOLS, INC., and Grunau Company, Inc., Appellees.

No. 32S01–9505–CV–00603.

Supreme Court of Indiana.

July 1, 1996.

Linda Y. Hammel, Yarling, Robinson, Hammel & Lamb, Indianapolis, for Appellant.

· Caren L. Pollack, Stephenson, Daly, Morow & Kurnik, Indianapolis, for Appellees.

DeBRULER, Justice.

This case is before the Court on petition to transfer. Ind. Appellate R. 11(B)(2)(a). Appellant Roy Tibbs challenges a grant of summary judgment for appellees Grunau Company, Inc. (Grunau) and Huber, Hunt & Nichols, Inc. (HHN). In an unpublished opinion, the Court of Appeals affirmed the trial court. *Tibbs v. Huber, Hunt & Nichols, Inc.*, 646 N.E.2d 1016 (Ind.Ct.App.1995) (Mem.). We granted transfer to address a single issue: whether Grunau owed a duty of care towards Tibbs.

Appellant Roy W. Tibbs was an engineer employed by the State of Indiana. Grunau was a mechanical contractor responsible for the heating, air-conditioning, ventilation, plumbing, and fire protection in connection with the renovation of a state office building. HHN was the general contractor on the same project.

On May 27, 1991, Tibbs was walking down a flight of stairs between the fourteenth and thirteenth floors of the building when he fell on a piece of pipe and received a lumbar contusion and strain. The piece of pipe was indistinguishable from that used by Grunau in much of its work. Grunau's work station for cutting such pipe was located approximately 30 feet from the stairwell. The stairwell was under the control of the State of Indiana, not Grunau or HHN.

Tibbs brought suit against Grunau and HHN for personal injuries, alleging negligence. Grunau and HHN moved for summary judgment alleging that neither of them had a duty to plaintiff. The trial court granted the motion for both defendants and Tibbs appealed.

### Summary Judgment

A grant of summary judgment requires that the evidence show that there exists no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Ind. Trial R. 56(C); *Wright v. Carter*, 622 N.E.2d 170, 171 (Ind. 1993). All doubts as to the existence of a fact should be resolved against the moving party, construing all properly asserted facts and inferences therefrom in favor of the nonmovant. *City of Evansville v. Moore*, 563 N.E.2d 113, 114 (Ind.1990). Summary judgment is rarely appropriate in negligence cases. *Rediehs Express Inc. v. Maple*, 491 N.E.2d 1006, 1008 (Ind.Ct.App.1986), *reh'g denied, transfer denied, cert. denied*, 480 U.S. 932, 107 S.Ct. 1571, 94 L.Ed.2d 762 (1987).

In its motion for summary judgment, Grunau claimed that since it had no control over the stairwell that it had no duty toward Tibbs and that it had not gratuitously assumed any duty. Tibbs argued that Grunau either had, or had gratuitously assumed, a duty toward Tibbs. The trial court found that no duty existed and granted summary judgment for Gruanau and HHN. On appeal, much of the dispute has centered on the gratuitous assumption of duty. It is clear, however, that both parties had notice from the trial court's order granting summary judgment that the existence of a general duty of care was also at issue.

## Duty

■ Tibbs claims that Grunau was negligent. A plaintiff must establish three elements in order to recover on such a theory: (1) the existence of a duty on the part of the defendant to conform her conduct to a standard of care arising from her relationship with the plaintiff; (2) the failure of the defendant to conform her conduct to the requisite standard of care; and (3) an injury to the plaintiff proximately caused by that failure. *Webb v. Jarvis*, 575 N.E.2d 992, 995 (Ind. 1991), *reh'g denied* (citing *Miller v. Griesel*, 261 Ind. 604, 611, 308 N.E.2d 701, 706 (1974), *reh'g denied*). Since the trial court granted summary judgment on the first element, this Court need address only that issue.

■ The existence of a duty is a question of law to be determined by the trial judge. The jury does, of course, do the fact-finding necessary to such a determination. This Court finds its own precedents dispositive on the issue of duty. One in possession of premises does owe a duty to passersby to keep adjoining areas reasonably clear of risks. As this Court has said, "It was sufficient for the plaintiff to show that he was injured by appellant's omission of a *duty owing to him*, namely, to protect him against injury from a peril the company had erected by the roadside in the prosecution of its own private business." *Fort Wayne Cooperage Co. v. Page*, 170 Ind. 585, 592, 84 N.E. 145, 147 (1908), *reh'g denied* (emphasis added).

In *Fort Wayne Cooperage*, plaintiff Page was riding his horse down a public street when steam escaping from a manufacturing plant startled his horse, which became unmanageable and inflicted severe injuries on Page. *Id.* at 588, 84 N.E. at 146. The company argued that the steam pipe was not a nuisance and that plaintiff was owed no duty. *Id.* at 589, 84 N.E. at 146. This Court disagreed, finding that the information alleged and the evidence offered were sufficient to support the jury's verdict in favor of Page. *Id.* at 588, 84 N.E. at 148.

■ This Court also finds some guidance from cases in other jurisdictions. In *Palsgraf v. Long Island Railroad Co.*, 248 N.Y. 339, 162 N.E. 99 (1928), the New York Court of Appeals decided that defendants were only liable for negligence where the plaintiff's injuries were foreseeable. "The risk reasonably to be perceived defines the duty to be obeyed, and risk imports relation; it is risk to another or to *others within the range of apprehension.*" Id. 162 N.E. at 100 (emphasis added). To a great extent, duties are defined by the foreseeability of relevant harms. Even though no duty exists based on premises liability since Grunau did not control the stairwell, the stairwell was certainly within the "range of apprehension" and, accordingly, Grunau was obliged to behave safely. *See Trinity & B.V. Ry. Co. v. Blackshear*, 106 Tex. 515, 172 S.W. 544 (1915) (Railroad liable for foreseeable injuries proximately caused by negligent maintenance of rails); *see also Hollidge v. Duncan*, 199 Mass. 121, 85 N.E. 186 (1908).

■ Grunau was in possession of the pipe cutting station near the stairwell where Tibbs fell. Issues of causation may remain that the trial court must resolve but, under *Fort Wayne Cooperage*, it is clear that lack of control of the premises where the injury occurred does not negate all possible duties. Grunau had a duty to insure that materials from the pipe cutting station did not endanger people in adjacent areas, including the stairwell, just as the defendant in *Fort Wayne Cooperage* had a duty to prevent escaping steam from harming passers-by. Accordingly, as *Palsgraf* makes clear, Grunau had a duty of care to all reasonably foreseeable plaintiffs, including Tibbs. If Grunau's deficient maintenance of that work area did cause damages to Tibbs, then Grunau is liable. As Grunau correctly argues, liability for injury ordinarily depends upon the power to prevent injury. *Great Atlantic & Pac. Tea Co., Inc. v. Wilson*, 408 N.E.2d 144, 148 (Ind.Ct.App.1980) (citing *Brock v. Rogers & Babler, Inc.*, 536 P.2d 778 (Alaska 1975)). Since *Fort Wayne Cooperage* makes clear that liability does not necessarily stop at the property line, this Court cannot, on this record, conclude that as a matter of law Grunau owed Tibbs no duty of care. Grunau's ultimate legal liability is a separate and distinct matter. *Hammond v. Allegretti*, 262 Ind. 82, 89, 311 N.E.2d 821, 826 (1974).

## Conclusion

Accordingly, having granted transfer and having vacated the Court of Appeals opinion, except that portion regarding Huber, Hunt & Nichols which we summarily affirm, we reverse the grant of summary judgment as to Grunau. App. R. 11(B)(3). We remand for further proceedings consistent with this opinion.

SHEPARD, C.J., and DICKSON, SULLIVAN and SELBY, JJ., concur.