Eva Marie BENTON, as Parent and Natural Guardian of Jason K. Wildt, Minor, and Jason K. Wildt, Appellants–Petitioners,

v.

CITY OF OAKLAND CITY, Indiana, Appellee–Respondent.

No. 26A04–9702–CV–65.

Court of Appeals of Indiana.

Aug. 29, 1997.

Richard C. Rusk, Rusk, Overton & Sobecki, Washington, for Appellants–Petitioners.

Jeffrey W. Henning, Mattingly, Rudolph, Fine & Porter, Evansville, for Appellee–Respondent.

## OPINION

RILEY, Judge.

### STATEMENT OF THE CASE

Plaintiff–Appellant Eva Marie Benton as parent and natural guardian of Jason K. Wildt ("Jason") appeals from the trial court's grant of summary judgment in favor of the City of Oakland City, Indiana ("Oakland City").

We affirm.

### ISSUE

One issue is presented for our review: Whether the trial court erred in granting summary judgment in favor of Oakland City.

### FACTS AND PROCEDURAL HISTORY

This personal injury action was initiated after fourteen-year-old Jason sustained inju-

ries while swimming at a public swimming area operated by Oakland City. On June 12, 1994, Jason and his mother went to New Lake to enjoy a day of swimming. New Lake is a lakeside beach and swimming facility owned and operated by Oakland City. Oakland City charges an admission fee to all visitors. While Jason was in a nearby parking lot getting soft drinks from his mother's car, he heard people shouting his nephew's name. Jason's nephew, Zachary Miller, had fallen or was pushed into the water and was not surfacing. Jason responded by running down the embankment from the parking area and diving into the water to search for Zachary. Jason dove into shallow water and his head immediately struck bottom. As a result, Jason suffered a broken neck.

On May 9, 1996, Jason filed his complaint against Oakland City based on a theory of premises liability.[1] Specifically, Jason argued that Oakland City was negligent in its operation of the lake in several respects. Oakland City denied all allegations of negligence and raised the affirmative defenses of governmental immunity pursuant to Ind. Code 34–4–16.5–3(6)(7)(8)(9)(11), and contributory fault. Oakland City thereafter filed its motion for summary judgment with supporting material, and Jason filed his opposition thereto. The court heard argument on the motion on October 30, 1996, and took the matter under advisement.

On November 7, 1996, the trial court granted Oakland City's motion for summary judgment. Specifically, the court stated that "the ... City of Oakland City, Indiana, is a governmental agency, that as a matter of law the Defendant owed no private duty to Jason K. Wildt, the Plaintiff herein, that there are no genuine issues of material fact and said Defendant's Motion for Summary Judgment should be granted." (R. 55). Jason appeals.

## DISCUSSION AND DECISION

### Standard of Review

Summary judgment is appropriate only if the designated evidentiary matter shows that there is no genuine issue as to any material

fact and the moving party is entitled to judgment as a matter of law. Ind.Trial Rule 56(C). When reviewing a motion for summary judgment, we apply the same standard as the trial court. *Gilliam v. Contractors United, Inc.*, 648 N.E.2d 1236, 1238 (Ind.Ct. App.1995), *trans. denied*. All facts and inferences must be liberally construed in the light most favorable to the non-moving party. *Haas Carriage, Inc. v. Berna*, 651 N.E.2d 284, 287 (Ind.Ct.App.1995).

When reviewing summary judgment rulings, we may consider only those portions of the pleadings, depositions, answers to interrogatories, admissions, matters of judicial notice, and any other matters designated to the trial court by the moving party for purposes of the motion for summary judgment. T.R. 56(C), (H); *Rosi v. Business Furniture Corp.*, 615 N.E.2d 431, 434 (Ind.1993). The party moving for summary judgment bears the burden of making a prima facie showing that there are no genuine issues of material fact and that the movant is entitled to judgment as a matter of law. *Hermann v. Yater*, 631 N.E.2d 511, 513 (Ind.Ct.App.1994), *reh'g denied*. Once the movant satisfies this burden, the burden shifts to the non-moving party to produce specifically designated facts showing the existence of a genuine issue. *Id.* Summary judgment is rarely appropriate in negligence cases. *Tibbs v. Huber, Hunt & Nichols, Inc.*, 668 N.E.2d 248, 249 (Ind.1996) (citing *Rediehs Express, Inc. v. Maple*, 491 N.E.2d 1006, 1008 (Ind.Ct.App.1986), *reh'g denied, trans. denied, cert. denied*, 480 U.S. 932, 107 S.Ct. 1571, 94 L.Ed.2d 762 (1987)).

### Private Duty

Jason contends that the trial court erred in granting summary judgment in favor of Oakland City because the designated evidence demonstrates genuine issues of material fact as to whether Oakland City breached its duty of reasonable care as a landowner.

To recover damages, Jason must establish three elements of actionable negligence: (1) a duty owed by the defendant to conform its conduct to a standard of care

---

1. In November of 1994, Jason timely served Oakland City with a Notice of Tort Claim pursuant to

Ind.Code 34–4–16.5–1 et seq.

necessitated by its relationship with the plaintiff; (2) a breach of that duty; and (3) an injury proximately caused by the breach. *McCormick v. State Dept. of Natural Resources,* 673 N.E.2d 829, 837 (Ind.Ct.App. 1996) (citing *Webb v. Jarvis,* 575 N.E.2d 992, 995 (Ind.1991)). The existence of a duty is a question of law for the court. *Benthall v. City of Evansville,* 674 N.E.2d 580, 583 (Ind. Ct.App.1996), *trans. denied.* The court balances three factors in determining whether a duty exists: (1) the relationship between the parties; (2) the reasonable foreseeability of harm to the person injured; and (3) public policy concerns. *Indiana State Police v. Don's Guns & Galleries,* 674 N.E.2d 565, 568 (Ind.Ct.App.1996), *trans. denied.* However, a plaintiff seeking to recover against a governmental entity for negligence must show more than a duty owed to "the public as a whole." *Id.* (citing *Greathouse v. Armstrong,* 616 N.E.2d 364, 368 (Ind.1993)). The plaintiff must show that his or her relationship with the governmental entity is one which gives rise to a private duty owed to the particular plaintiff. *Mullin v. Municipal City of South Bend,* 639 N.E.2d 278, 283 (Ind.1994). When the government's duty is one owed to the public at large, there is no governmental liability for negligence. *Id.* In *Mullin,* the supreme court adopted the following three-part test to determine the existence of a private duty:

(1) an explicit assurance by the municipality, through promises or actions, that it would act on behalf of the injured party;
(2) knowledge on the part of the municipality that inaction could lead to harm; and
(3) justifiable and detrimental reliance by the injured party on the municipality's affirmative undertaking.

*Id.* at 284. Hence, in order for a private duty to exist, "[n]ot only must the harm to the injured party be foreseeable, the relationship between the governmental entity and the injured person must be such that the governmental entity has induced the injured person justifiably to rely on its taking action for the benefit of that particular person to his detriment." *Id.*

■ In *Plummer v. Board of Com'rs of St. Joseph County,* we applied the *Mullin* 3–part test to facts similar to those before us and held that the governmental entity did not owe a private duty to the decedent. 653 N.E.2d 519 (Ind.Ct.App.1995), *trans. denied.* Specifically, we held that the plaintiffs failed to present facts to support anything more than a general duty of care to the public at large. *Id.* at 523. Similarly, in the case before us the designated evidence fails to establish that any explicit assurances were made by Oakland City with regard to Jason's safety should he become imperiled. In fact, the designated evidence reveals that Jason never spoke to the lifeguards on duty on the day of his accident. During Jason's deposition, when asked whether the lifeguards made any promises to watch out for his safety, he responded that "[he] didn't talk to them; [he] just gave them the money." (R. 66). Jason's mother also testified in her deposition that she never spoke to the lifeguards:

Q. Now, at any time while you were at the lake that day, did any of the lifeguards come up to you and make any promises that they would be responsible for Jason?

A. I never even talked to ... lifeguards except to give them money to swim there.

Q. So they made no promises or assurances for you that they would have like heightened responsibility for Jason?

A. Well, they were just there to collect money, that I know [sic].

Q. But they didn't make any promises to you that they would watch after Jason.

A. I didn't talk to them ...

(R. 60). From our review of the designated material, we find no indication that Oakland City made any promises or assurances that it would act on behalf of Jason individually. In the absence of a specific assurance, there can be no reliance. *Benthall,* 674 N.E.2d at 584. Because Jason failed to establish the existence of a private duty, there can be no negligence on behalf of Oakland City.

While Jason correctly contends that a governmental entity's affirmative act of negligence can create a private duty, there are no allegations of affirmative acts of negligence

in the complaint. In *Henshilwood v. Hendricks,* we held that the public/private duty analysis does not apply to an alleged affirmative act of negligence "where the [governmental] entity itself has created the plaintiff's perilous situation." 653 N.E.2d 1062, 1067 (Ind.Ct.App.1995), *trans. denied.* In other words, the *Mullin* three-part test only applies in determining whether a duty is owed based on a governmental entity's alleged failure to act. *Id.* In *Henshilwood,* we held that the county's affirmative negligence in designing, building and maintaining a sewage ditch containing contaminated water created a private duty to the plaintiff who became ill after contact with the contaminated water. *Id.*

*Henshilwood,* however, is inapplicable to the facts before us. The alleged liability here is predicated upon Oakland City's failure to act, rather than its active misfeasance. As we recently explained in *Benthall,* the law recognizes a critical distinction between nonfeasance and misfeasance. 674 N.E.2d at 585. In the case of misfeasance, rather than a "gratuitous undertaking to aid or alleviate the plaintiff's peril, the governmental entity has created the plaintiff's peril by some affirmative act." *Id.* (citing *Henshilwood,* 653 N.E.2d at 1068).

In the case before us, Jason's complaint alleges nine separate instances of Oakland City's failure to act. The complaint alleges no affirmative acts of negligence. Therefore, the public/private duty analysis controls in the instant case. The trial court correctly concluded that the undisputed material evidence fails to establish the existence of a private duty. Summary judgment was properly entered on behalf of Oakland City as no liability can attach for the breach of a public duty under these circumstances. We will not impose upon the government the obligation to guarantee and assure the welfare of every member of the public. *Mullin,* 639 N.E.2d at 284; *McCormick,* 673 N.E.2d at 838.

Affirmed.

HOFFMAN and NAJAM, JJ., concur.