# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.

FILED

May 12 2016, 9:20 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court



ATTORNEYS FOR APPELLANT

Thomas D. Blackburn
Ryan Lindinger
Blackburn & Green
Granger, Indiana

ATTORNEYS FOR APPELLEE

Roland Clark
Charles C. Hoppe, Jr.
Knight, Hoppe, Kurnik & Knight, Ltd.
Schererville, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Cheryll Lee, <br> *Appellant-Plaintiff,* <br><br> v. <br><br> Blue Chip Casino LLC, <br> *Appellee-Defendant.* | May 12, 2016 <br><br> Court of Appeals Case No. <br> 46A04-1512-CT-2325 <br><br> Appeal from the LaPorte Circuit Court <br><br> The Honorable Thomas J. Alevizos, Judge <br><br> Trial Court Cause No. <br> 46C01-1402-CT-234 |

**Bradford, Judge.**

## Case Summary

[1] Appellant-Plaintiff Cheryll Lee slipped and fell as she was entering Appellee-Defendant Blue Chip Casino's establishment. Lee brought suit claiming that Blue Chip was negligent for maintaining an unreasonably dangerous premises and failing to warn her that the area in front of the entrance was slick and dangerous. The trial court awarded summary judgment in favor of Blue Chip finding that the area on which Lee slipped was not unreasonably dangerous because it was outdoors and wet due to rainwater, and that any potential hazard was open and obvious. We reverse.

## Facts and Procedural History

[2] On October 31, 2013, Lee visited the Blue Chip Casino with her sister and mother. Upon arriving, the group parked their vehicle under the main entryway awning where vehicles could be valeted. Lee exited the vehicle and, as she approached the doorway leading into the building, she slipped and fell to the ground. It had been raining throughout the day and the area underneath the entryway awning was wet. Approximately ninety minutes prior to Lee's fall, another patron of the casino fell in the same general area and reported the incident to Blue Chip employees.

[3] On February 11, 2014, Lee filed a complaint against Blue Chip seeking damages for injuries allegedly sustained as a result of the fall. Lee alleged that Blue Chip was negligent for failing to warn her that the entryway was slick and for failing to maintain a reasonably safe premises. On July 10, 2015, Blue Chip filed a motion for summary judgment in which it denied breaching any duty to

Lee. Lee filed a response to Blue Chip's motion on September 9, 2015. After conducting a hearing on the matter, the trial court granted Blue Chip's motion for summary judgment, reasoning as follows:

17. The condition of the area was open and obvious, of which the Plaintiff was aware. Although there was an awning, the area was outside. Rain could clearly reach the area, hence having non-slip metal grates in place, which purpose was to drain water and catch access water off of shoes before invitees enter the casino. Thus, Defendant cannot be liable for failure to warn when Plaintiff was fully aware that it was wet. Further, Plaintiff admitted in her deposition to understanding that rain causes the ground to become wet, a wet ground could be slippery, and it is possible to fall when the ground is slippery. She also acknowledged that it rained that day. This shows that she discovered the dangerous condition of the wet ground and appreciated its danger. Further, immediately after she fell, she walked across the area a few more times to see what caused her to slip. The Court notes, she did not fall any of the times that she walked over the area pursuant to the original occasion. After finding no hidden cause, she continued on with her evening without reporting any injuries until the following day.

18. Plaintiff contends that there is an issue as to notice, when a previous invitee slipped in the exact same spot, approximately ninety (90) minutes prior to Plaintiff's fall.

19. This cannot suffice as proper notice to Defendants. The invitee who fell prior to Plaintiff did not valet park, he self-parked. Therefore, he walked across the parking lot on the wet ground and fell when he got up to the front entrance. The fact that said area was possibly dangerous is not notice unless it is unreasonably dangerous. A reasonable person would think that since the ground was wet and he walked through the wet parking lot, he could slip. Again, rain causes the ground to become wet, a wet ground could be slippery, and it is possible to fall when the

> ground is slippery. It was a reasonable risk under the circumstances to realize that one may slip and fall.

Appellee's App. pp. 3-4. Lee now appeals the trial court's grant of summary judgment.

# Discussion and Decision

[4] Pursuant to Indiana Trial Rule 56(C), summary judgment is appropriate only where there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. *Landmark Health Care Assocs., L.P. v. Bradbury*, 671 N.E.2d 113, 116 (Ind. 1996). "'A genuine issue of material fact exists where facts concerning an issue which would dispose of the litigation are in dispute or where the undisputed facts are capable of supporting conflicting inferences on such an issue.'" *Id.* (quoting *Scott v. Bodor, Inc.*, 571 N.E.2d 313, 318 (Ind. Ct. App. 1991). We construe all evidence and factual inferences in favor of the non-moving party and all doubts as to the existence of a material issue must be resolved against the moving party. *Tibbs v. Huber, Hunt & Nichols, Inc.*, 668 N.E.2d 248, 249 (Ind. 1996).

[5] "Summary judgment is rarely appropriate in negligence cases." *Id.* Such cases are fact sensitive and are governed by a standard of the objective reasonable person—one best applied by a jury after hearing all of the evidence. *Harradon v. Schlamadinger*, 913 N.E.2d 297, 300 (Ind. Ct. App. 2009). "Nonetheless, summary judgment is appropriate when the undisputed material evidence negates one element of a negligence claim." *Id.*

In order to recover on a theory of negligence, the plaintiff must establish three elements: (1) a duty owed to the plaintiff by the defendant; (2) a breach of that duty; and (3) an injury to the plaintiff proximately caused by that breach. *Id.* Lee argues that Blue Chip breached its duty to her, a business invitee, by failing to maintain reasonably safe premises and failing to provide some warning that its entryway was slick and potentially dangerous.[1]

"A landowner owes to an invitee or social guest 'a duty to exercise reasonable care for his protection while he is on the landowner's premises.'" *Pfenning v. Lineman*, 947 N.E.2d 392, 406 (Ind. 2011) (quoting *Burrell v. Meads*, 569 N.E.2d 637, 639 (Ind. 1991). In *Burrell*, the Indiana Supreme Court adopted the Restatement's analysis for premises liability.

> A possessor of land is subject to liability for physical harm caused to his invitees by a condition on the land if, but only if, he
>
> > (a) knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitees, and
> >
> > (b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and
> >
> > (c) fails to exercise reasonable care to protect them against the danger.

569 N.E.2d at 639-640 (quoting Restatement (Second) of Torts § 343 (1965)).

"'A possessor of land is not liable to his invitees for physical harm caused to

---

[1] Blue Chip appears to concede on appeal that it owed a duty to Lee as an invitee.

them by an activity or condition on the land whose danger is known or obvious to them, unless the possessor should anticipate the harm despite such knowledge or obviousness.'" *Rhodes v. Wright*, 805 N.E.2d 382, 387 (Ind. 2004) (quoting Restatement (Second) of Torts § 343A(1)).

[8] Blue Chip argues, and the trial court found, that it cannot be held liable because (1) the condition of its entryway was not unreasonably dangerous and (2) any dangerous condition was open and obvious and so did not merit a warning. While these issues would appear to be factual questions for the jury, Blue Chip argues that because no reasonable jury could find that it breached its standard of care, the question of breach becomes a question of law for the court. *Cox v. Paul*, 828 N.E.2d 907, 912-13 (Ind. 2005) ("The question of the breach of a duty is usually one for the trier of fact. However, if any reasonable jury would conclude that a specific standard of care was or was not breached, the question of breach becomes a question of law for the court.") (citations omitted).

[9] We cannot agree with Blue Chip's contention that no reasonable jury could find that it breached its duty of care. Lee submitted evidence that another patron slipped and fell in the same area just ninety minutes prior to her, that patron reported his fall to Blue Chip staff, and an internal incident report was created by Blue Chip. This supports the inference that the area was unreasonably dangerous and that Blue Chip was aware of the danger. Furthermore, while it is obvious that rain can cause slick surfaces, it may not have been obvious that the grating on which Lee slipped was wet, as it was underneath an awning. Lee stated that, prior to her fall, she did not notice that the ground was wet.

Additionally, it is unclear whether the grating increased the risk of slipping. Blue Chip concedes that it did not post any warning signs that the area was slippery.

[10] In *Christmas v. Kindred Nursing Centers Ltd. Partnership*, we addressed a factually similar situation when a man slipped on ice and fell as he was walking toward the entrance of a nursing home. 952 N.E.2d 872, 875 (Ind. Ct. App. 2011). The plaintiff, Christmas, stated that as he approached the facility he stepped in what he thought to be melting snow on the sidewalk which turned out to be ice, causing his fall. The trial court granted the defendant's motion for summary judgment. On appeal, this court reversed, finding as follows:

> From this evidence, a trier of fact *could infer* from the designated evidence that Windsor (1) knew or by the exercise of reasonable care would discover the condition, and should have realized that it involved an unreasonable risk of harm to Christmas; (2) should have expected that Christmas would not discover or realize the unreasonable risk of harm of ice hidden by water and snow; and (3) failed to exercise reasonable care to protect Christmas against the danger. In short, there is a genuine issue of material fact pertaining to whether Windsor breached its duty of care.

*Id*. at 881-82 (emphasis added).

[11] It could be argued in *Christmas* that the danger of hidden ice on a sidewalk that is covered in a snow is an open and obvious danger. Nonetheless, determining whether the condition of the sidewalk was unreasonably dangerous was a material question of fact not appropriate for summary judgment. The same logic applies to the instant case. Determining whether Blue Chip's entryway

posed an unreasonable risk, and whether that risk was open and obvious, are factual questions left to the trier-of-fact. We again note that summary judgment is generally disfavored as an alternative to trial, particularly in fact-sensitive negligence cases. *See Simon Prop. Grp., L.P. v. Acton Enterprises, Inc.*, 827 N.E.2d 1235, 1240 (Ind. Ct. App. 2005); *see also Harradon*, 913 N.E.2d at 300. Because there is a genuine issue of material fact regarding whether Blue Chip breached its duty of care, we find that the trial court's award of summary judgment was inappropriate.

[12] The judgment of the trial court is reversed.

Bailey, J., and Altice, J., concur.